MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2018 ME 2
Docket:       SJC-17-8
Decided:      January 11, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## IN RE BALLOT DISPUTE IN ELECTION OF TOWN OF WINSLOW DISTRICT 3 TOWN COUNCILOR

JUDGMENT OF THE COURT

[¶1]   The Town Clerk of Winslow, after conducting a vote recount, tabulated the results and concluded that there was a single disputed ballot in the race for a Town Council seat in District 3 in Winslow in the November 7, 2017, election.  Because that single disputed ballot could make a difference in the election, we have original jurisdiction to determine the result of the election.  *See* 21-A M.R.S. § 737-A(10) (2017).  Having considered the facts and the applicable law, we find and conclude that the marks on the disputed ballot fail to disclose the voter's intent to vote for either candidate.  Accordingly, we enter the following decision in which we confirm that Jerry A. Quirion was elected to the Town Council for District 3.

I.  FACTS AND BACKGROUND

[¶2]   We sit as the trial court in this matter; however, no facts are in dispute except as to the intention of the voter who completed the single

2

disputed ballot. The initial results of the November 7, 2017, election for the office of District 3 Town Councilor in Winslow were reported as 173 votes for Jerry A. Quirion and 170 votes for Lee A. Trahan. Upon the request of Trahan, the clerk or the clerk's designee scheduled a recount, which was held ten days after the election. *See* 21-A M.R.S. § 737-A(3), (4) (2017); 30-A M.R.S. § 2531-B (2017); *see also* 30-A M.R.S. § 2501(1) (2017) ("When Title 21-A applies to any municipal election, the municipal clerk shall perform the duties of the Secretary of State prescribed by Title 21-A.").

[¶3] The Town Clerk supervised the recount, at which both candidates were present with their representatives. *See* 21-A M.R.S. § 737-A (2017). After applying the Secretary of State's rules for determining voter intent, 8A C.M.R. 29 250 550-1 to -3 (2010); *see* 21-A M.R.S. § 696(6) (2017), two additional ballots were identified as votes for Trahan because checkmarks were placed next to his name, and one disputed ballot was segregated by the municipal clerk or designee. *See* 8A C.M.R. 29 250 550-2, § 4(1)(A)(2); 21-A M.R.S. § 737-A(7). The final vote count stated in the recount tabulation was 173 votes for Quirion and 172 votes for Trahan, with thirty-eight blank votes and one disputed ballot.

[¶4]  Because "there are enough challenged or disputed ballots to affect the result of an election," the municipal clerk, upon our order, delivered a copy of the disputed ballot to us for review, and we invited memoranda from the candidates.  21-A M.R.S. § 737-A(10); *see also In re Primary Election Ballot Dispute 2008*, 2008 ME 117, ¶ 6, 955 A.2d 216.  Having received a memorandum from Quirion, and Trahan having waived the opportunity to file a memorandum, we now review the disputed ballot and "determine the result of the election."  21-A M.R.S. § 737-A(10).  Our decision "is final and must be certified to the Governor by the Chief Justice."  21-A M.R.S. § 737-A(10).

## II.  DISCUSSION

A.    The Disputed Ballot

[¶5]  The ballot that the Town prepared for voters required that a voter, to cast a vote for an individual, "fill in the oval to the left."  For the office of District 3 Town Councilor, the ballot directed, "Vote for **ONE**" of the two listed candidates.  On the disputed ballot, a copy of which is appended to this decision, the voter placed multiple marks in black boxes that appear in the margins of the ballot, but the voter did not mark any ovals on the entire ballot.  With respect to the race for District 3 Town Council, there is a mark in the left margin beside the outlined box containing Quirion's name and another mark

4

beside the box containing Trahan's name. Unlike some of the voter's other marks in the margins, neither of these marks is in the shape of an oval or circle. The mark in the margin beside Trahan's name is nearer to the oval, but it appears less like an oval and more like a scribble than the mark beside Quirion's name.

B. Application of the Law

[¶6] "If a voter marks more names for an office than there are vacancies to be filled or more choices for a question than are permitted, the voter's vote for that office or question may not be counted." 21-A M.R.S. § 696(2)(A) (2017); *see* 8A C.M.R. 29 250 550-2 § 3(2). A vote will also not be counted "[i]f a voter marks the voter's ballot in such a manner that it is impossible to determine the voter's choice." 21-A M.R.S. § 696(2)(B) (2017); 8A C.M.R. 29 250 550-2 § 4.

[¶7] Based on the appearance of the ambiguous marks in the margin next to the boxes containing each of the candidates' names, we find and conclude that it is impossible to determine the voter's choice, and therefore the vote cannot be counted for either candidate. *See* 21-A M.R.S. § 696(2)(A), (B); *see* 8A C.M.R. 29 250 550-2 §§ 3(2), 4; *cf. In re Primary Election Ballot Disputes 2004*, 2004 ME 99, ¶ 35, 857 A.2d 494 (holding that a mark in an oval

was "a stray mark," not a vote for the candidate). As a result, the Town Clerk's final certified tabulation of the votes for each candidate is not augmented by counting the disputed ballot for either candidate, and the Chief Justice will certify to the Governor that Jerry A. Quirion was elected to the office of District 3 Town Councilor in the Town of Winslow on November 7, 2017, by a vote of 173 for Quirion and 172 for Trahan.

Dated: January 11, 2018

                                                   /s/
LEIGH I. SAUFLEY
Chief Justice

                                                   /s/
DONALD G. ALEXANDER
Associate Justice

                                                   /s/
ANDREW M. MEAD
Associate Justice

                                                   /s/
ELLEN A. GORMAN
Associate Justice

                                                   /s/
JOSEPH M. JABAR
Associate Justice

                                    _____/s/_____
                                    JEFFREY L. HJELM
                                    Associate Justice


                                    _____/s/_____
                                    THOMAS E. HUMPHREY
                                    Associate Justice


_____

Ronald W. Bourget, Esq., Law Offices of Ronald W. Bourget, Augusta, for Jerry A. Quirion

Lee A. Trahan did not file a memorandum



# TOWN OF WINSLOW, MAINE
## OFFICIAL BALLOT
### Municipal Election
### November 7, 2017
### For
### District 3

*Pamela J Smiley*
Town Clerk

---

### INSTRUCTIONS TO VOTERS

♦ To vote for the candidate of your choice, fill in the oval to the left, like this: ●.
♦ To vote for a write-in candidate, fill in the oval to the left of the write-in space and write in the person's name.
♦ To have your vote count, do not erase or cross out your choice.
♦ If you make a mistake, ask for a new ballot.

---

| TOWN COUNCIL<br>District 3<br>3-year term<br>Vote for ONE | LIBRARY TRUSTEE<br>3-year term<br>Vote for TWO | KENNEBEC WATER DISTRICT<br>3-year term<br>Vote for ONE |
|---|---|---|
| ○ QUIRION, JERRY A | ○ MCCASLIN, BRUCE L | ○ BOUCHER, WILLIAM J |
| ○ TRAHAN, LEE A | ○ MORRILL, CHARLES D | ○ ...............................................Write-in |
| ○ ...............................................Write-in | ○ ...............................................Write-in | |

### SCHOOL COMMITTEE
District 3
3-year term
Vote for ONE

○ ...............................................Write-in (Library Trustee)

○ DOW, CORY W

○ ...............................................Write-in

### SCHOOL COMMITTEE At-Large
3-year term
Vote for ONE

○ TYLER, NATHAN

○ ...............................................Write-in

Typ:01 Seq:0003 Spl:01

STATE OF MAINE                           SUPREME JUDICIAL COURT
                                         Docket No. SJC-17-8


IN RE BALLOT DISPUTE IN ELECTION OF TOWN OF WINSLOW
DISTRICT 3 TOWN COUNCILOR


Consistent with the decision of the Maine Supreme Judicial Court regarding the ballot dispute in the above-captioned matter, I hereby certify to Governor Paul R. LePage that Jerry A. Quirion was elected to the office of District 3 Town Councilor in the Town of Winslow on November 7, 2017, by a vote of 173 for Quirion and 172 for Lee A. Trahan.


Dated:  January 11, 2018                 _____/s/_____
                                         LEIGH I. SAUFLEY
                                         Chief Justice